CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Mark Owens, doing business as Mark Owens Logging, appeals from an order of the Nineteenth Judicial District Court, Lincoln County, granting partial summary judgment to Lloyd and Virginia Bache and denying his motion for partial summary judgment. We affirm the decision of the District Court.
The issue is whether the District Court erred in ruling that the Baches retain an easement on the land they sold to Owens.
Lloyd and Virginia Bache owned a 34-acre tract of land in Lincoln County, Montana. Mark Owens, doing business as Mark Owens Logging, purchased 2.42 acres of the Baches’ property (Tract 2) in July, 1988. The Baches retained the remainder of the property (Tract 1). The instruments of conveyance are: (1) the Agreement to Sell and Purchase, dated April 16,1988; (2) the Contract for Deed, dated July 8,1988; (3) the Warranty Deed, dated July 6,1988; and (4) Certificate of Survey No. 1657 (COS), which was filed on July 6,1988.
The Agreement to Sell and Purchase, dated April 16, 1988, required the Baches to convey the property by warranty deed free of all *282 encumbrances except those described in the title insurance provision. That provision required title insurance to be obtained insuring merchantable title free and clear of all liens and encumbrances except “encumbrances hereinabove mentioned, zoning ordinances, building and use restrictions, reservations in federal patents, beneficial utility easements apparent or of record, easements of record, and no others.” The Agreement did not refer to the easement which the Baches now claim. However, the policy of title insurance which was required under the Agreement provided:
PRIOR TO THE ISSUANCE OF TITLE INSURANCE, a complete legal description must be placed of record in the office of the Lincoln County Clerk and Recorder.
Both the Warranty Deed and the Contract for Deed first describe the property being conveyed by metes and bounds. Both documents then refer to the property conveyed as
being Tract 2 shown on Certificate of Survey No. 1657, records of the Lincoln County Clerk and Recorder.
SUBJECT TO the provisions contained in that certain Certificate of Subdivision Plat Approval executed by the State of Montana, Department of Health & Environmental Sciences, File No. 27-88-S30-765, records of Lincoln County, Montana.
SUBJECT TO easements, reservations, covenants and restrictions apparent or of record.
The COS provides legal descriptions and a scaled drawing of the boundaries of Tracts 1 and 2. In addition, the COS depicts a dotted line thirty feet east of the western boundary of Tract 2 and running parallel thereto. The area between the dotted line and the western boundary of Tract 2 is labeled “P.R.E.” and “P.U.E.,” which the legend identifies as “private roadway easement” and “public utility easement.” The relevant part of the COS is reprinted as an appendix to this opinion. Attached to the COS are documents that are a part of the Department of Health and Environmental Sciences’ certification of subdivision plat approval.
During 1991 and 1992, Owens erected a shop building on Tract 2. The Baches filed this action seeking removal of the building, alleging that it obstructs their access easement parallel to the western border of Tract 2. Owens answered, contending that no such easement exists. He also counterclaimed against the Baches and asserted a third-party complaint against the title insurance company. The Baches later added their realty company and its employee as third-party defendants.
*283 Owens asked the District Court for partial summary judgment that, as a matter of law, the transaction instruments did not create an access easement for the Baches. The Baches filed a cross-motion for partial summary judgment asking the court to conclude, as a matter of law, that the instruments created an easement by express reservation in their favor.
The District Court granted partial summary judgment to the Baches, denied Owens’ motion, and certified its order to this Court as a final judgment under Rule 54(b), M.R.Civ.R The court subsequently denied Owens’ motion for reconsideration.
Owens appeals. Neither his counterclaim nor the third-party actions are part of this appeal.
Did the District Court err in concluding that the Baches retain an easement on the land they sold to Owens?
Our standard for reviewing a grant of summary judgment is the same as that used by the district court. Wild River Adventures v. Bd. of Trustees (1991), 248 Mont. 397, 399-400, 812 P.2d 344, 345. We determine whether there is an absence of genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.
In this case, the material facts are not in dispute. As to the issue of law, the District Court ruled:
By including the Certificate of Survey number as part of the legal description in the Contract for Deed and Warranty Deed, said certificate is regarded as incorporated in its entirety into said instruments of conveyance as a matter of law.
The court cited § 76-3-304, MCA. That statute, which is part of the Montana Subdivision and Platting Act, provides:
The recording of any plat made in compliance with the provisions of this chapter shall serve to establish the identity of all lands shown on and being a part of such plat. Where lands are conveyed by reference to a plat, the plat itself or any copy of the plat properly certified by the county clerk and recorder as being a true copy thereof shall be regarded as incorporated into the instrument of conveyance and shall be received in evidence in all courts of this state.
Pursuant to the above statute, reference in documents of conveyance to a plat which describes an easement establishes the easement. See Benson v. Pyfer (1989), 240 Mont. 175, 179, 783 P.2d 923, 925.
In divisions of land subject to its surveying requirements, the Montana Subdivision and Platting Act requires that either a “plat” or a “certificate of survey” be filed. Section 76-3-302, MCA. The *284 statute further requires that descriptions of the parcel or tract in instruments of transfer must describe the parcel or tract by reference to the filed certificate or plat. Subdivisions, as defined under the Act, must be surveyed and “platted.” Section 76-3-402, MCA. Other divisions of land must be surveyed and “a certificate of survey” must be prepared. Sections 76-3-401 and 76-3-404, MCA. The division of land in this case was an “occasional sale” as defined at § 76-3-207(l)(d), MCA (1987), which was excepted from most subdivision requirements other than surveying. Therefore, a “certificate of survey’ was required to be filed before the instruments transferring title from the Baches to Owens could be recorded.
“Plat” is defined for purposes of the Act at § 76-3-103(9), MCA:
“Plat” means a graphical representation of a subdivision showing the division of land into lots, parcels, blocks, streets, alleys, and other divisions and dedications.
“Certificate of survey’ is defined at § 76-3-103(1), MCA:
“Certificate of survey’ means a drawing of a field survey prepared by a registered surveyor for the purpose of disclosing facts pertaining to boundary locations.
Owens argues that, as a “certificate of survey” and not a “plat,” the COS filed in this case does not establish an easement pursuant to § 76-3-304, MCA. He cites State ex rel. Swart v. Stucky (1975), 167 Mont. 171, 536 P.2d 762. In that case, a county clerk and recorder refused to accept for filing a survey of a tract of land, on the basis that the survey had not been inspected and approved by the city county planning board. The district court refused to issue a writ of mandamus compelling the clerk to file the document. This Court reversed, ruling that the survey was a “certificate of survey,” not a subdivision “plat” as defined by the Act, and that subdivision review by the city county planning board was,not required before the “certificate of survey” could be filed. Swart, 536 P.2d at 765. In so doing, this Court discussed the difference between a “plat” and a “certificate of survey”:
The terms “certificate of survey,” “plat,” and “subdivision” have important technical meanings that are established by the definition section of the Act. ...
The classification of the instrument as a subdivision “plat” or as a “certificate of survey’ is important since the Act requires different treatment, depending upon the classification....
*285 There is no doubt that appellant’s document is a “certificate of survey” and not a subdivision “plat” as defined by the Act. Its purpose is to establish boundaries and the property description for a deed on an entire single parcel which contains an area greater than the 10 acre requirement established by section 11-3861(12), [R.C.M.,] prior to its amendment to 20 acres in 1974. Furthermore, the proffered document contains no “graphical representation of a subdivision showing the division of land into lots, parcels, streets, and alleys, and other divisions and dedications” within the meaning of section 11-3861(6), [R.C.M.,] which sets forth the definition of a “plat.”
Swart, 536 P.2d at 764-65.
In the case at bar, the COS does more than to establish boundaries and a property description of a single parcel of land. It establishes the division of the land into two parcels, Tract 1 and Tract 2. The COS shows a right of way thirty feet wide along the western boundary of Tract 2 for a “private roadway easement” and a “public utility easement.” Additionally, the COS and attached documents establish that the sale of Tract 2 underwent subdivision review as an “occasional sale” pursuant to § 76-3-207(1)(d), MCA (1987). In contrast to the certificate of survey in Swart, the COS in the present case meets the definition of a “plat” set forth at § 76-3-103(9), MCA.
Moreover, the idea that a map or plat incorporated into an instrument of conveyance can establish an easement predates the definition of “plat” in § 76-3-103(9), MCA. In Majers v. Shining Mountains (1986), 219 Mont. 366, 711 P.2d 1375, the documents at issue were filed before the effective date of the Montana Subdivision and Platting Act. In that case, we cited with approval the following language from Ute Park Summer Homes Ass’n. v. Maxwell Land Gr. Co. (N.M. 1967), 427 P.2d 249, 253:
[W]here land is sold with reference to a map or plat showing a park or like open area, the purchaser acquires a private right, generally referred to as an easement, that such area shall be used in the manner designated.
Majers, 711 P.2d at 1378 (emphasis added).
The purpose of the Montana Subdivision and Platting Act is to promote the public health, safety, and general welfare by regulating the subdivision of land; to prevent overcrowding of land; to lessen congestion in the streets and highways; to provide for adequate light, air, water supply, sewage disposal, parks and recreation areas, ingress and egress, and other public require *286 ments; to require development in harmony with the natural environment; and to require uniform monumentation of land subdivisions and transferring interests in real property by reference to. plat or certificate of survey.
Section 76-3-102, MCA. This purpose would not be furthered by elevating form over substance and ruling that the COS does not establish a road easement because it is denominated as a certificate of survey instead of as a plat.
Owens also relies on this Court’s opinion in Wild River. The bases for our holding in Wild River were that (1) “subject to” language in a document of conveyance does not create an easement, and (2) no easement could be created on the owner’s own land. Wild River, 812 P.2d at 346-47. In the present case, the Baches rely primarily upon incorporation of the COS into the instruments of conveyance, not upon “subject to” language, for creation of the easement. Further, the conveyance from the Baches to Owens results in division of the land into two parcels with two different owners. Our holding in Wild River is therefore inapplicable here.
The COS identifying the easement in this case was filed with the county clerk and recorder, as required by law. The COS identifies the easement clearly and specifically. In addition to the dotted lines showing the scaled location of the easement, the easement is labeled in two places on the COS as “P.R.E.” and “P.U.E.” Those acronyms are defined in the legend of the COS to mean “private roadway easement” and “public utility easement.” Additionally, the easement is labeled in two places as being thirty feet wide.
We conclude that identification of the establishing document as a “plat” pursuant to § 76-3-103(9), MCA, is not a critical element in the creation of an easement through incorporation of a map or plat into documents of sale. We hold that the transaction documents concerning the Baches’ sale of land to Owens establish an easement in favor of the Baches along the western edge of the property sold to Owens, as described in the COS. We therefore affirm the summary judgment entered by the District Court.
JUSTICES HARRISON, TRIEWEILER, HUNT and WEBER concur.