JUSTICE MORRIS
dissenting.
¶79 I concur with the Court’s conclusion that COS 4446 could not, as a matter of law, create an easement burdening Tract 1 for the benefit of any properties not shown on the survey. Opinion, ¶ 54. I dissent from the Court’s conclusion, however, that the same principles prevent COS 4446 from creating an easement burdening Tract 1 for the benefit of an on-survey property, Tract 4. Opinion, ¶ 75. The Court’s analysis of whether an easement exists to benefit Tract 4 misstates our previous easement-by-reference decisions, and confounds this already complicated body of law.
¶80 I agree with the Court’s summary of the easement-by-reference rule that an express easement is created “where the deed refer[s] to a plat or certificate of survey on which the easement [is] clearly depicted and labeled as burdening an identifiable servient tenement for the benefit of an identifiable dominant tenement.” Opinion, ¶ 52; accord Pearson v. Virginia City Ranches Ass’n, 2000 MT 12, ¶ 21, 298 Mont. 52, ¶ 21, 993 P.2d 688, ¶ 21; Tungsten Holdings, Inc. v. Parker, 282 Mont. 387, 390, 938 P.2d 641, 642-43 (1997); Halverson v. Turner, 268 Mont. 168, 172-73, 885 P.2d 1285, 1288 (1994); Bache v. Owens, 267 Mont. 279, 285, 883 P.2d 817, 821-22 (1994). The Court correctly determines that an easement-by-reference fails if it does not depict and identify both the dominant and servient tenements, as we have held repeatedly that “it is necessary that the grantee of the property being burdened by the servitude have knowledge of its use or its necessity.” Opinion, ¶ 36 (citing Halverson, 268 Mont. at 172, 173, 885 P.2d at 1288, 1289); accord Pearson, ¶ 20.
¶81 The Court adopts language from the appellate court of Indiana that “[t]he instrument by which an easement by express grant is created should describe with reasonable certainty the easement created and the dominant and servient tenements. A reservation of an easement is not operative in favor of land not described in the conveyance.” Opinion, ¶ 51 (quoting Lennertz v. Yohn, 79 N.E.2d 414, 417 (Ind.App. 1948) (internal quotations omitted)). The Court properly concluded that COS 4446 could not have put the Waldhers on notice of the existence of an easement across their property to benefit off- *206 survey properties in light of this rule.
¶82 The Court falters, however, in its application of this rule to the question of whether COS 4446 created an easement over Tract 1 for the benefit of Tract 4. The Court reasons that the Waldhers could not ascertain with reasonable certainty the identities of the dominant and servient tenements. Opinion, ¶¶ 56-57. The Court proceeds to reiterate some basic easement-by-reference principles and basic easement and property principles. Opinion, ¶¶ 67, 69-70. The Court also reviews the law of statute of frauds and Montana’s notice and recording statutes. Opinion, ¶¶ 70-71, 73-74. The Court concludes that the easement benefiting Tract 4 fails because it is uncertain and can be proved only with extrinsic evidence that violates the statute of frauds. Opinion, ¶ 75.
¶83 The Court errs when it concludes that COS 4446 fails to provide with reasonable certainty the identities of the dominant and servient tenements. The uncertainty, according to the Court, arises from the fact that COS 4446 does not show “whether an easement is being reserved or granted and, thus, whether Tract 4 is dominant or servient.” Opinion, ¶ 57. The Court’s erroneous conclusion complicates the already tortuous body of our easement-by-reference jurisprudence-the complexity of which the Court acknowledges by its meticulous review at ¶¶ 24-43. The Court’s conclusion also calls into question what kind of specificity would be required in a plat or certificate of survey to give the grantee of the property being burdened by the servitude “knowledge of its use or its necessity.” Pearson, ¶ 20 (citing Halverson, 268 Mont. at 172-73, 885 P.2d at 1288).
¶84 This Court previously has required little more than a simple labeled depiction of an easement on a survey or plat to create a valid easement. E.g. Mularoni v. Bing, 2001 MT 215, ¶¶ 6-8, 306 Mont. 405, ¶¶ 6-8, 34 P.3d 497, ¶¶ 6-8; Pearson, ¶ 17; Halverson, 268 Mont. at 170-71, 885 P.2d at 1287; Bache, 267 Mont. at 282, 883 P.2d at 819. The Court asserts that a “grantor’s intent to reserve or grant an easement for the benefit of particular land must be clearly and unmistakably communicated and not left to inference, implication, or extrinsic evidence.” Opinion, ¶ 56. This Court has never required, however, that the easement depicted on a plat or certificate of survey must include an explicit identification of the dominant and servient tenements. It always has inferred this information. See Mularoni, ¶¶ 6-8; Pearson, ¶ 17; Halverson, 268 Mont. at 170-71, 885 P.2d at 1287; Bache, 267 Mont. at 282, 883 P.2d at 819.
¶85 The Court insists that COS 4446 is fatally unclear because the grantor could have intended it to create either an easement for the *207 benefit of Tracts 1,2,3,5, 6, and 7 of COS 4446, or an easement for the benefit of Tract 4. Opinion, ¶ 61. It does not appear from COS 4446, however, that Tracts 2,3,5,6, or 7 would benefit from the 30-foot road easement in light of the fact that Whitefish Stage Road separates these tracts from the easement and Tracts 1 and 4.1 fail to see how these tracts located to the west of Whitefish Stage Road add to the uncertainty regarding which tract the grantor intended for the easement to benefit.
¶86 COS 4446’s legal relevance relates only to the Davis-Lockman deed. The Court calls the Davis-Lockman deed “decisive” in this case. Opinion, ¶ 44. The Davis-Lockman deed states expressly that Tract 1 of COS 4446 is “SUBJECT TO 30 foot road easement as shown on [COS] 4446....” The Court in ¶ 28 dismisses the significance of this language on the grounds that “‘subject to’ language in a document of conveyance does not create an easement.” The Court cites Ruana v. Grigonis, 275 Mont. 441, 449, 913 P.2d 1247, 1252 (1996), and Kelly v. Wallace, 1998 MT 307, ¶ 51, 292 Mont. 129, ¶ 51, 972 P.2d 1117, ¶ 51, to further support its proposition that “subject to” language cannot clarify or qualify an easement-by-reference. Opinion, ¶ 28. The Court cites our decision in Wild River Adventures v. Bd. of Trustees, 248 Mont. 397, 401, 812 P.2d 344, 347 (1991), for the original rule that “[t]here is nothing in the use of the words ‘subject to,’ in their ordinary use, which would even hint at the creation of affirmative rights or connote a reservation or retention of property rights.” Opinion, ¶ 28 (citing Wild River, 248 Mont. at 401, 812 P.2d at 347.
¶87 I disagree with the Court’s application of this rule to the “subject to” language in the Davis-Lockman deed. None of the cited authority speaks to the question of whether “subject to” language could clarify or qualify an easement created by reference. Wild River concerned whether “subject to” language, by itself in a deed, could create a road easement. Wild River, 248 Mont. at 400, 812 P.2d at 346. Ruana and Kelly likewise concerned the effect of “subject to” standing alone, and not in conjunction with an easement depicted on a plat, even though Ruana and Kelly are both easement-by-reference cases. Ruana’s discussion of “subject to” concerned whether an early conveyance that did not reference a plat depicting an easement nevertheless had created the alleged easement by including “subject to” language. Ruana, 275 Mont. at 450, 913 P.2d at 1253. Kelly discussed “subject to” language only after it had ruled out the possibility of the deed having created an easement-by-reference. Kelly, ¶ 51.
¶88 The Court in Wild River further commented, however, that the “subject to” phrase “is commonly used in a deed to refer to existing *208 easements, liens, and real covenants that the grantor wishes to exclude from warranties of title.” Wild River, 248 Mont. at 401, 812 P.2d at 347 (emphasis added) (internal citations omitted). The second edition of American Jurisprudence Deeds (Wild River, 248 Mont. at 401, 812 P.2d at 347, relied upon the first edition of American Jurisprudence Deeds for its comment regarding the common use of “subject to” language) clarifies that “subject to” language may differ from common usage depending on the manner in which it is used. It is appropriate to take into consideration all the circumstances surrounding the language’s use to “effectuate what seems to be the intention of the parties” and depart from the common usage. 23 Am. Jur. 2d Deeds § 246 (2002).
¶89 Nothing in the Wild River rule, therefore, prevents us from using the “subject to” section of a deed to clarify or qualify an existing easement. This rule means only that “subject to” language cannot create an easement by itself. Blazer does not allege, however, that the “subject to” language created an easement benefiting Tract 4. Blazer asserts that the reference in the deed to COS 4446 created the easement. The “subject to” language in the Davis-Lockman deed, stating that Tract 1 is subject to the easement depicted on COS 4446, clarifies and qualifies what otherwise could be an ambiguous survey depiction. Tract 1 represents the tenement servient to the easement created by reference to COS 4446, and not Tract 4, if we consider the “subject to” language in the Davis-Lockman deed.
¶90 Wild River suggests that “subject to” language appropriately may be used in this manner. Wild River deems “subject to” to be words of “qualification.” Wild River, 248 Mont. at 401-02, 812 P.2d at 347; see also 23 Am. Jur. 2d Deeds § 246; Smith v. Huston, _ S.W. 3d _, 2008 WL 755083 (Tex. App. 2008); United Land Corp. v. Drummond Co., Inc., _ So.2d _, 2008 WL 615915 (Ala. 2008); In the Interest of Aaron D., 571 N.W.2d 399, 404 (Wis.App. 1997) (stating that “ ‘[sjubject to’ is a term of qualification and it acquires its meaning from the context in which it is used.”). COS 4446 describes with reasonable certainty the easement created and its dominant and servient tenements when analyzed in conjunction with the qualifying “subject to” language in the decisive Davis-Lockman deed. Opinion, ¶ 51 (citing Lennertz, 79 N.E.2d at 417).
¶91 I cannot agree with the Court’s assertion that COS 4446 remains ambiguous as to the identities of the dominant and servient tenements in light of “subject to” language in the Davis-Foster deed. Opinion, ¶ 62. The Davis-Foster deed could not operate to create an easement in favor of Tract 1 as an easement-by-reference is effective only when the *209 dominant and servient tenements are split from single ownership. Opinion, ¶¶ 38, 44 (citing Ruana, 275 Mont. at 448, 449, 913 P.2d at 1252, 1253). “Thus, the Davis-Lockman transaction is decisive;” and the Davis-Foster transaction is irrelevant. Opinion, ¶ 44.
¶92 The Court acknowledges that, absent the uncertainty created by COS 4446’s apparent ambiguity, COS 4446 provides the burdened party with knowledge that “Tract 4 benefits from an easement over Tract 1 to access Whitefish Stage Road.” Opinion, ¶ 57 (citing Bache, 267 Mont. at 285-86, 883 P.2d at 821-23; Halverson, 268 Mont. at 170-71, 174, 885 P.2d at 1287, 1289). COS 4446 provided notice of the easement across Tract 1 for the benefit of Tract 4. The Davis-Lockman deed, with its “subject to” COS 4446 clause, resolves any ambiguity regarding the grantor’s intent. The Court should have affirmed the District Court’s determination that COS 4446 created a valid easement over Tract 1 for the benefit of Tract 4. I dissent from the Court’s erroneous conclusion on this point.
JUSTICES LEAPHART and WARNER join in the foregoing dissent.
*210 APPENDIX COS 4446 (excerpt)
[[Image here]]