ORIGINAL

FILED

09/20/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0054

DA 23-0054

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2023 MT 177

THE MARY ELLEN DUKE TRUST dated March 13, 1997,
MILLARD COX, MINA COX, and TROUT CREEK RANCH,

    Plaintiffs and Appellees,

v.

LEE LOU, LLC, a Montana Limited Liability Company,

    Defendant and Appellant.

FILED

SEP 2 0 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:   District Court of the Twenty-Second Judicial District,
In and For the County of Stillwater, Cause No. DV 21-70
Honorable Matthew J. Wald, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        W. Scott Green, Patten, Peterman, Bekkedahl & Green, PLLC,
Billings, Montana

    For Appellees:

        Brandon Hoskins, Moulton Bellingham PC, Billings, Montana

Submitted on Briefs:  August 2, 2023

Decided:  September 20, 2023

Filed:

                    _____
                          Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Lee Lou, LLC (Lee Lou) appeals the denial of its partial motion for summary judgment and the granting of Plaintiff's motion for summary judgment entered in the Twenty-Second Judicial District Court, Stillwater County. We affirm.

¶2 We restate the issue on appeal as follows:

*Whether the District Court erred in determining Tract 3 was the servient estate and Tracts 1 and 2 were the dominant estates regarding a 30' easement.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In 1989, the Trout Creek Ranch Partnership (TCRP) sought to buy a parcel of land in Stillwater County from A. Joe Jenni, Jr., Callie W. Jenni, and Robert W. Jenni (the Jennis). The land was to be collectively owned by TCRP with three individual tracts being carved out from the Jennis' land for separate ownership by each of the three TCRP owners: Millard Cox and Mina J. Cox (Coxes), A. St. George B. Duke and Mary Ellen Duke (Dukes) and R.A. Roehder (Roehder). Before purchasing the property, TCRP commissioned Certificate of Survey 260286 (COS 260286) that created the three individual tracts. The COS 260286 also depicted three different easements, including the 30' easement that is the subject of this litigation. The COS 260286 was filed with the Clerk and Recorder in Stillwater County on January 22, 1990.

¶4 On April 17, 1990, the Jennis conveyed the Trout Creek Ranch Property to TCRP and conveyed Tract 1 to the Coxes, Tract 2 to the Dukes, and Tract 3 to Roehder. At the conclusion of these transactions, in addition to the property owned by TCRP itself, each of these TCRP owners possessed their own individual tracts. The warranty deed conveying

2

the Trout Creek Ranch Property provides the property is given "TOGETHER with thirty foot (30') wide easements for ingress and egress as shown on [COS 260286]." The warranty deeds from the Jennis to the Coxes and Dukes also contain the same "together with" language which included a 30' wide easement. However, the deed to Roehder from the Jennis for Tract 3 did not contain any mention of a 30' easement, and simply conveyed the property "subject to existing rights-of-way, easements, reservations and exceptions of record," which was standard language also contained in the other two deeds.

¶5 Subsequently, the three TCRP owners executed a series of quitclaim deeds to each other in May and June of 1990, disclaiming any interest the parties had in each other's assigned tracts. Similar to the original warranty deeds, the quitclaim deeds for Tracts 1 and 2 contained the phrase "together with a thirty foot (30') wide easement for ingress and egress[,]" while the deeds for Tract 3 only contained the standard language of "subject to existing rights-of-way, easements, reservations and exceptions of record."

¶6 A few years after the transactions, Roehder sold his interest in the TCRP but continued to own Tract 3 until his death. Tract 3 was then acquired by Zinvest, LLC (Zinvest) by tax deed after Roehder's estate defaulted on the taxes for the property. Zinvest then conveyed the property to Lee Lou. Tracts 1 and 2 continue to be held by the original parties or their successors. Lee Lou alleged that a historical access road follows the path of the 30' easement and provides access to the only residential structure on Tract 3.

¶7 On September 27, 2021, Trout Creek Ranch, the Coxes, and the Dukes (collectively "Partnership) filed a complaint to quiet title with two counts: (I) a declaratory judgment

3

that Lee Lou owns no interest in the 30' easement and only the Partnership has an interest in the easement and (II) a permanent injunction preventing Lee Lou from using any roads across the Partnership's lands, including the easements depicted on COS 260286. On October 12, 2021, Lee Lou filed an answer and counterclaim, opposing the Partnership's claims and pleading three counts of its own: (I) a quiet title action for Tract 3 against the Partnership and third-party defendants (II) declaratory relief to determine the parties' rights related to the easements and rights-of-way depicted in COS 260286, and (III) temporary and permanent injunctive relief preventing the Partnership from interfering with Lee Lou's use of the easements and rights-of-way to access Tract 3. The Partnership then filed their answer, opposing such relief.

¶8    Lee Lou filed a motion for partial summary judgment on Count II on May 13, 2022, and the Partnership opposed that motion and responded with their own motion for summary judgment on their two counts. The parties did not assert there were any issues of material fact although they disagreed on some collateral issues, and the District Court considered these motions without a hearing. The District Court first found that COS 260286 could not on its own have created any easement rights since it contains no granting language and was completed while all the property was still under singular ownership. The Court further explained COS 260286 did not describe the easement adequately enough for it to be established by the easement-by-reference doctrine since it is not clear from the survey itself what the easement's intended uses were, or which estates are dominant and servient. The Court then found there was an easement created by the deeds, but that they established

4

Tracts 1 and 2 as the dominant estates and Tract 3 as the servient estate as alleged by the Partnership. Lastly, the Court found the relevant extrinsic evidence supported the Court's conclusions, although it was not necessary to use extrinsic evidence to reach its conclusions. The Court granted summary judgment in favor of the Partnership, concluding that Tract 3 is burdened by the 30' easement and cannot benefit from it.

¶9 Lee Lou timely appealed the decision.

## STANDARD OF REVIEW

¶10 We review district court grants or denials of summary judgment de novo, applying the same criteria as the district courts. *Hudson v. Irwin*, 2018 MT 8, ¶ 12, 390 Mont. 138, 408 P.3d 1283. Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." M. R. Civ. P. 56. We review conclusions of law for correctness and the district court's findings of fact to determine if they are clearly erroneous. *Hudson*, ¶ 12.

## DISCUSSION

*¶11 Whether the District Court erred in determining Tract 3 was the servient estate and Tracts 1 and 2 were the dominant estates regarding a 30' easement.*

¶12 An easement is a right to use the land of another for a specific purpose. *Blazer v. Wall*, 2008 MT 145, ¶ 24, 343 Mont. 173, 183 P.3d 84. An easement can be created by an express grant or reservation in a written instrument of conveyance, by operation of law, or by prescription. *Blazer*, ¶ 26. An easement appurtenant benefits a particular piece of land, and the benefited piece of land is called the dominant estate, while the burdened piece of land is called the servient estate. *Burleson v. Kinsey-Cartwright*, 2000 MT 278, ¶ 16, 302

5

Mont. 141, 13 P.3d 384. This Court has recognized the easement-by-reference doctrine, where "an express easement may be created by referring in an instrument of conveyance to a recorded plat or certificate of survey on which the easement is adequately described." *Yorlum Props. v. Lincoln County*, 2013 MT 298, ¶ 16, 372 Mont. 159, 311 P.3d 748. For an easement to be considered adequately described, the dominant and servient estates must be "ascertainable with reasonable certainty" from the transaction documents and the transaction documents must give the owner of the servient estate "knowledge of its use or its necessity." *Yorlum*, ¶ 18 (citations omitted). The instrument of conveyance and the referenced plat or certificate of survey together must show "clear and unambiguous grantor intent" to convey an easement and must describe "with reasonable certainty the intended dominant and servient estates, use, and location of the easement." *O'Keefe v. Mustang Ranches HOA*, 2019 MT 179, ¶ 18, 396 Mont. 454, 446 P.3d 509.

> *A. COS 260286 does not describe the easement with the required specificity to fulfill the requirements of the easement-by-reference doctrine.*

¶12 COS 260286 does not adequately describe the easement so that the dominant and servient estates, the easement's use, and its scope can be ascertained with reasonable certainty. The easement at issue is labeled "30' Access Esm't" on COS 260286 and it is depicted by a thin line that appears to run from Stillwater Road across Trout Creek Ranch property, touches Tract 1, traverses Tract 2, and connects to the western border of Tract 3. However, for an undetermined distance, the easement appears to track the eastern boundary of Tract 1 and the western boundary of Tract 3, and it is unclear how far, if at all, the easement continues along those boundaries. The ambiguity is reinforced by the parties

6

debating about the location of the easement on appeal, with Lee Lou maintaining that the easement ends at the boundary of Tract 3 and the Partnership alleging that the easement continues along the boundary of Tract 3 until it connects to BLM land to the north.[1]

¶13 It is unclear from COS 260286 alone which are the intended dominant and servient estates. This Court has required that the identities of the dominant and the servient estates must be "ascertainable with reasonable certainty from the referenced plat or certificate of survey" to fulfill the easement-by-reference doctrine. *Blazer*, ¶ 54. In *Blazer*, this Court found those requirements were not met because, while there was a 30-foot easement depicted on the certificate of survey, it was not clear whether the easement was to benefit Tract 4 or to burden Tract 4. *Blazer*, ¶¶ 56-57. This contrasts with other cases where it was apparent with reasonable certainty which were the dominant and servient estates based on the certificate of survey or plat. For example, in *Bache*, this Court concluded it was clear from the depiction of the easement that it burdened Tract 2 for the benefit of Tract 1 so that access was provided to the state route. *Blazer*, ¶ 52 (citing *Bache v. Owens*, 267 Mont. 279, 285-86, 883 P.2d 817, 821-22 (1994)). Similarly, in *Halverson*, it was clear that the depicted 30-foot road burdened Turner's tract for the benefit of Dahlia's tract that was otherwise landlocked and had no access to the public street without the easement. *Blazer*, ¶ 52 (citing *Halverson v. Turner*, 268 Mont. 168, 170-71, 885 P.2d 1285, 1287-88

---

[1] Although the parties debate on appeal whether the easement reaches as far as BLM land, neither party maintains that there was a dispute of material fact, making summary judgment inappropriate. Furthermore, how far north the easement reaches is immaterial to what is being appealed, namely which land is the dominant estate with the right to use the easement.

(1994)). Further, in *Wilkinson*, this Court again found the dominant and servient estates were clear from the plat and Government Lot 7 clearly needed the easement across Government Lot 3 to access Bear Gulch Road. *Wilkinson, LLC v. Scott & Cindy Erler, LLP*, 2021 MT 177, ¶ 13, 404 Mont. 541, 491 P.3d 704.

¶14 When considering this precedent, the present case is more like *Blazer* where the dominant and servient estates and the easement's use were not clearly ascertainable from the plat or survey. As in *Blazer*, it is unclear from COS 260286 which parcels are meant to benefit from the 30' easement and which are meant to be burdened by it.



Lower part of the 30' easement as it touches Tract 1

8



Upper part of 30' easement and Tracts 2 and 3

We conclude it is not clear which estates are dominant or servient and, therefore, the incorporation of COS 260286 by the deed to Tract 3 did not establish an easement for the benefit of Tract 3.

> *B. The deeds establish Tract 1 and 2 as dominant estates and Tract 3 as a servient estate.*

¶15     Since COS 260286 alone did not contain an adequate description of the easement, it can be considered alongside the deeds to see if the easement can be ascertained clearly from the combination of the deeds and COS 260286. *O'Keefe,* ¶ 18. To create an express easement, an instrument of conveyance and any references to a plat, certificate of survey, or map of record "must be sufficient *together* to express clear and unambiguous grantor intent to grant or reserve an easement . . . [describing] the intended dominant and servient estates, use, and location of the easement." *O'Keefe,* ¶ 18 (emphasis in original). Upon

9

examination, we conclude the language of both the quitclaim and warranty deeds for Tract 3 in combination with COS 260286 is not enough to establish an easement for the benefit of Tract 3.

¶17 The original warranty deed for Tract 3 describes the property as:

> Tract 3 of Certificate of Survey No. 260286, according to the official plat thereof on file and of record in the office of the Clerk and Recorder of said county, under Document No. 260286, containing 21.304 acres more or less,
>
> Subject to existing rights-of-way, easements, reservations, and exceptions of record [.]

Unlike the deeds to Tracts 1 and 2, there is no language of "together with a thirty foot (30') wide easement for ingress and egress" as part of Tract 3's legal description. There is no reference to any easement; rather, standard language is used describing the property is "subject to" existing easements. The quitclaim deeds for Tract 3 have the same "subject to" language as the warranty deed.

¶18 This Court's precedent clearly establishes that "subject to" language does not generally create an easement. See *Blazer*, ¶ 28; *Bache*, 267 Mont. at 286; *Wild River Adventures v. Board of Trustees of Sch. Dist. No. 8*, 248 Mont. 397, 401, 812 P.2d 344, 346-47 (1991). We have previously explained:

> The words "subject to" used in their ordinary sense, mean subordinate to, subservient to or limited by. There is nothing in the use of the words "subject to", in their ordinary use, which would even hint at the creation of affirmative rights or connote a reservation or retention of property rights. "Subject to" wording is commonly used in a deed to refer to existing easements, liens, and real covenants that the grantor wishes to exclude from warranties of title.

*Wild River*, 248 Mont. at 401, 812 P.2d at 346-47. Therefore, the "subject to" line in the deeds to Tract 3 could not have created an easement for Tract 3's benefit in combination with COS 260286.

¶18 In contrast, the "together with" language that includes an easement on the deeds for Tracts 1 and 2 did create an easement for the benefit of Tracts 1 and 2, making them dominant estates. Tracts 1 and 2 have a similar legal description to Tract 3 except they both contain the dispositive language "together with a thirty foot (30') wide easement for ingress and egress as shown in said Certificate of Survey." These deeds establish the 30' easement was for the benefit of Tracts 1 and 2. The deed for the Trout Creek Ranch Property also contains this language demonstrating that the easement was also intended to benefit the Trout Creek Ranch Property.

¶19 Lee Lou argues the District Court failed to give appropriate credit and weight to the following standard appurtenance language in Tract 3's warranty and quitclaim deeds placed just after Tract 3's legal description: "TOGETHER with all and singular the hereinbefore described premises together with all tenements, hereditaments, and appurtenances thereto belonging or in anywise appertaining . . . ." This is standard language that appears in all the deeds to all the tracts, and some version of such language is in most deeds. Lee Lou refers to this Court's decision in *Clark* where similar language was found to grant an easement. *Clark v. Pennock*, 2010 MT 192, ¶ 9, 357 Mont. 338, 239 P.3d 922. However, the language in *Clark* included an express reference to a particular easement, providing after the standard language: "including a general non-exclusive

sixty-foot (60') easement for ingress to and egress from the above-described lot or tract . . . ." *Clark*, ¶ 9. This is different from the standard language contained in the Tract 3 deeds, especially when contrasted with the deeds to Tracts 1 and 2 that do specifically mention the 30' easement in the legal description of the property. Although *Clark* allowed for the creation of an easement with language outside of the legal description, it still required specific language identifying the easement and its use, which is absent from the present facts. While standard appurtenance language can convey easements already in existence when a property is transferred, it cannot create new ones without more specific language.

*C. The District Court did not improperly use extrinsic evidence to reach its conclusion.*

¶20 Lastly, the District Court did not abuse its discretion in addressing extrinsic evidence presented by the parties as this evidence was not used to reach its conclusion but, rather, confirm it. A land conveyance is treated like a contract for the purposes of considering extrinsic evidence. *Proctor v. Werk*, 220 Mont. 246, 248, 714 P.2d 171, 172 (1986) (citing § 70-1-513, MCA). If the language of the deed is clear and explicit, the court should not consider extrinsic evidence. *Proctor*, 220 Mont. at 248, 714 P.2d at 172. Extrinsic evidence may be used to resolve an ambiguity in an otherwise sufficient conveyance. *Blazer*, ¶ 70-71. A conveyance instrument must provide notice of the burden to the servient estate owner without reference to extrinsic evidence, otherwise purchasers could not rely on records in the chain of title to determine which easements might burden their property. *Blazer*, ¶ 74. In *Woods*, this court found the District Court was correct to

12

not consider extrinsic evidence because the terms of the conveyance stating the easement was to be used for ingress and egress were clear and specific. *Woods v. Shannon*, 2015 MT 76, ¶ 14, 378 Mont. 365, 344 P.3d 413. In *Clark*, this Court concluded the District Court erred in considering extrinsic evidence since the easement language was specific, but it affirmed the result since the same conclusion was reached regardless of whether extrinsic evidence was considered. *Clark*, ¶¶ 27-28.

¶21 The District Court need not have considered extrinsic evidence since the terms of the deed were clear in identifying the easement and its use. Although the District Court discussed the extrinsic evidence presented by the parties, it made clear "the documents speak for themselves" and the extrinsic evidence was "ultimately unnecessary to the Court's conclusions." While the District Court could have declined to discuss the affidavits at all, its discussion still does not violate the bar against considering extrinsic evidence when the granting language is specific. Additionally, even if the District Court had improperly utilized extrinsic evidence, it still came to the same conclusion as warranted by the deed language and, like *Clark*, arrived at the correct result.

## CONCLUSION

¶22 The District Court did not err in determining that Tract 3 does not benefit from the 30' easement depicted on COS 260286 and Tracts 1 and 2 do benefit from the easement.

¶23 Affirmed.

_____
Justice

13

We Concur:

_____

_____

_____

_____
Justices

14