JOHN SINKEY, Appellant, *v.* BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MINERAL, STATE OF NEVADA, Respondent.

No. 4772

November 24, 1964                     396 P.2d 737

[Rehearing denied December 18, 1964]

*Ernest S. Brown,* of Reno, for Appellant.

*Leonard E. Blaisdell,* District Attorney, Mineral County, for Respondent.

# OPINION

By the Court, McNamee, J.:

This is an action for a declaratory judgment which would adjudicate the rights and duties of the respondent (plaintiff) and the appellant (defendant) with respect to 3½ miles of pipeline, which respondent county has been maintaining without charge to anyone. The complaint also asks for a money judgment against appellant on a quantum meruit basis for past maintenance services. After an answer was filed respondent made a motion for summary judgment.

The court determined that there was no legal duty owed by respondent to maintain the pipeline and denied respondent any money judgment for past maintenance costs. Appeal is from that part of the judgment which adjudicates that respondent has no obligation to maintain the pipeline.

The matter was submitted to the trial court upon agreed facts.

It is conceded that the determination of the rights of the parties must be based upon the construction of the provisions of a deed from Miocene Mines and Development Company to Nevada Massachusetts Company, Inc., dated March 20, 1931.

In 1931 Miocene Mines owned Spearmint Springs and a four-inch pipeline leading 3½ miles therefrom to Sodaville. At this time Nevada Massachusetts Company had a mining operation at Sodaville and bought from Miocene the spring, the waters thereof, the pipeline, and a ten-foot easement over lands retained by Miocene upon which the pipeline was laid. The sale was consummated

by said deed of March 20, 1931. This deed of conveyance contains certain reservations and exceptions. Mineral County is the successor in interest of Nevada Massachusetts Company. Because the town of Mina, near Sodaville, needed more water, the pipeline was taken up and relaid from Spearmint Springs to the water mains of Mina, and the four-inch pipeline was replaced with a 1½ inch pipeline. It is with this pipeline that we are here concerned. Thereafter, appellant by quitclaim deed succeeded to whatever rights Miocene had in the spring and the 3½ miles of pipeline as evidenced by the deed of March 20, 1931 and the reservations and exceptions therein. Appellant evidently is the only user of the 1½ inch pipeline.

The deed of March 20, 1931 provides in part as follows:

"That, in consideration of the sum of one thousand two hundred and fifty ($1,250.00) Dollars, the receipt whereof is hereby acknowledged, and the further consideration, which is hereby declared equally valuable, of the grantor being permitted to tap that certain pipeline hereinafter described, at a point on the land now owned by the grantor and not conveyed hereby, or any replacement of said pipeline which must cross said land of the grantor not conveyed hereby, and to withdraw therefrom the quantity of one gallon of water per minute which is hereinafter reserved by said grantor, for so long a time as the grantee, its successors or assigns, shall have the right to use or does use the water herein conveyed.

\* \* \* \* \*

"EXCEPTING THEREFROM and reserving to the grantor the right to take the quantity of one gallon of water per minute of the waters of said spring, as hereinbefore mentioned, when necessary for its use."

It is in this deed that the 3½ miles of pipeline is conveyed to the predecessor in interest of respondent, together with the water rights and the ten-foot easement or right-of-way over land belonging to Miocene. Miocene, as grantor, reserved the right to tap the pipeline at a point on its land over which the easement crossed in

order to withdraw from the pipeline one gallon of water per minute.

It is conceded by appellant that the deed of March 20, 1931 neither expressly nor impliedly provides that the grantee therein agreed to maintain the pipeline for Miocene or its successor. Appellant further concedes that the deed is not ambiguous. Nevertheless, appellant maintains that because of the additional consideration contained in said deed, Nevada Massachusetts and its successor, the respondent, were obligated to maintain the pipeline.

We are concerned here with the pipeline belonging to respondent and the burden thereon resulting from said deed of March 20, 1931 which makes the pipeline servient to the dominant right of appellant to withdraw therefrom the quantity of one gallon of water per minute.[1] This burden on the pipeline is a property right of appellant and is in the nature of or at least analogous to an easement. Therefore, the following authorities pertaining to easements are applicable to the situation with which we are faced.

"As a general rule the owner of a servient estate is not bound, unless by virtue of an express stipulation, to keep the easement in repair, or to be to any expense to maintain it." 2 Thompson on Real Property § 675, at 341 (Perm.Ed. 1941) ; see also 2 Thompson on Real Property § 489, at 711 (1961 Replacement Edition).

"Where an easement is used and enjoyed for the benefit of the dominant estate alone, the owner of the servient estate is under no obligation to make repairs, the rule being that he who uses the easement must keep it in proper condition * * *." 28 C.J.S., Easements § 94.

"If the language of a conveyance creating an easement is so indefinite as not clearly to provide for a duty to repair, the inference to be drawn is that such duty as exists is upon the owner of the easement. Despite the fact that nongratuitous conveyances of easements are

---

[1] The servient and dominant estates resulting from the conveyance of the ten-foot easement over the lands owned by Miocene and its successor, Sinkey, are to be distinguished.

construed favorably to the conveyee, it is not assumed, even in the case of such conveyances, that a conveyor agrees to maintain or repair the premises subject to the easement for the purpose of enabling the conveyee to enjoy the uses authorized by it. If any such duty exists, it is assumed to be on the owner of the easement." Restatement, Servitudes § 485.

We conclude that the lower court properly determined that respondent owed appellant no duty to maintain the pipeline.

The mere fact that respondent for several years did maintain the pipeline at its own expense did not create a duty upon it to continue so to do. Cf. Moffett v. Berlin Water Co., 81 N.H. 79, 121 A. 22.

Affirmed.

BADT, C. J., and THOMPSON, J., concur.

