No. 81-366

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

CHARLES and KAY LINDLEY, AND
DARYL AND HELEN HOLMES,

        Plaintiffs and Respondents,

  -vs-

KURTIS and SHIRLEY MAGGERT, AND
ELWOOD and DEBBIE KLEEMAN, et al.,

        Defendants and Appellants.

---

Appeal from:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, The Honorable
Diane G. Barz, Judge presiding.

Counsel of Record:

    For Appellants:

        Peterson Law Offices, Billings, Montana

    For Respondents:

        Keefer, Roybal, Hanson, Stacey & Jarussi,
Billings, Montana

---

Submitted on Briefs:  March 5, 1982

Decided:

Filed: MAY 13 1982

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiffs brought an action in the Yellowstone County District Court seeking to have the defendants enjoined from interfering with the use of a roadway easement. The District Court granted judgment to plaintiffs and ordered defendants to remove a fence and other obstructions which hindered use of the easement. Defendants appeal.

The easement involved in this dispute is located on land purchased by the defendants from Sam Shimamoto. In the warranty deed conveying the land to Shimamoto a roadway easement was expressly reserved by the grantor, Stephen Pinnow. In March 1980 Pinnow conveyed the easement to various land owners, including plaintiffs, who owned property in a tract of land originally owned by Pinnow's father.

Disagreements over use of the easement followed. On May 9, 1980, plantiffs filed a complaint seeking a permanent injunction against the defendants ordering them to refrain from obstructing use of the easement. Defendants, along with one additional party, then filed a complaint against the plaintiffs and the cases were consolidated for trial. The second action was settled by stipulation prior to trial, so the trial involved only the issues raised in the initial complaint filed by the plaintiffs. Judgment was granted to the plaintiffs and this appeal follows.

The defendants acknowledge that their land is subject to the roadway easement. However, they contend that the District Court erred in not determining whether plaintiffs' use of the easement would burden their land to a greater extent than contemplated when the easement was created.

The easement reserved by Pinnow was an easement in gross not attached to land. This type of easement is authorized by section 70-17-102, MCA:

"The following land burdens or servitudes upon
land may be granted and held though not attached
to land:

" . . .

"(5) the right-of-way . . ."

Under the circumstances of this case we determine that the
easement reserved by Pinnow was both alienable and apportionable.
Whether or not such an easement may be alienated and apportioned
depends upon the manner and the terms of the creation of the
easement. See Restatement (Second) of the Law of Property §§ 492
and 493 (1944).

The warranty deed contained this language: "Reserving an
easement over the East 15 feet of said Tract for roadway
purposes." There is no language in the warranty deed limiting
the grantor's right to freely alienate and apportion the
easement. Defendants were aware of the easement at the time
they purchased their land; they had no right to believe that
the easement would not be used. The owner of a reserved easement
may use it to the full extent of the right retained. City of
Missoula v. Mix (1950), 123 Mont. 365, 214 P.2d 212.

Defendants are arguing that the plaintiffs should not
be allowed to use the easement until the District Court deter-
mines whether use of the easement by the plaintiffs will
increase the burden on the defendants' land beyond that con-
templated when the easement was established. It is true that no
use may be made of the right-of-way different from the use
established at the time of the creation of the easement so as to
burden the servient estate to a greater extent than was con-
templated at the time the easement was created. Titeca v. State
by and through Dept. of Fish (1981), _____Mont._____, 634 P.2d
1156, 38 St.Rep. 1533. The problem with defendants' argument is
that the easement has thus far not been used and there is no evi-
dence of an increased burden. This Court cannot declare that the
proposed use will be inconsistent with the reserved easement on

- 3 -

the basis of speculation as to possible future uses. Titeca, supra.

        Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices