George R. MADDEN and Jean S. Madden, Plaintiffs,

v.

The NATURE CONSERVANCY, Defendant.

The NATURE CONSERVANCY, Counterclaim Plaintiff,

v.

George R. MADDEN and Jean S. Madden, Counterclaim Defendants.

No. CV 92–30–M–CCL.

United States District Court, D.Montana, Missoula Division.

Dec. 8, 1992.

Patrick G. Frank, Worden, Thane & Haines, Missoula, MT, for plaintiffs.

Helena S. Maclay, Knight, Maclay & Masar, Missoula, MT, for defendant.

## OPINION AND ORDER

LOVELL, District Judge.

Before the court are cross motions for judgment on the pleadings filed by Plaintiffs, George R. Madden and Jean S. Madden, and Defendant and Counterclaim Plaintiff, The Nature Conservancy. Both the complaint and the counterclaim in this case seek a declaratory judgment with respect to the validity of certain covenants and servitudes relative to the Shining Mountain Ranch located in Ravalli County, Montana.

Following a hearing on August 21, 1992, the court ordered the Maddens to file a motion for judgment on the pleadings and set forth a briefing schedule. The Nature Conservancy responded to this motion and filed its own motion for judgment on the pleadings. Pursuant to the court's order, both motions are limited solely to the legality and enforceability of the covenants and servitudes.

## BACKGROUND

This litigation involves the Shining Mountain Ranch which is owned by the Maddens. The Nature Conservancy ("Conservancy") received the property from Sarah Werner as a gift by deed dated December 14, 1981. The Conservancy then sold the Shining Mountain Ranch to Baker Boone Ranch on June 21, 1982.

The conveyance from the Conservancy to Baker Boone Ranch was a warranty deed which had the covenants and servitudes appended to it with language stating that the covenants and servitudes were incorporated into the deed. As security for the unpaid purchase price, the Conservancy retained a mortgage on the property. Later, the Conservancy transferred its security interest in the Shining Mountain Ranch to Ralph Shoberg. Shoberg subsequently received a warranty deed dated January 31, 1986, from Baker Boone Ranch. On December 22, 1989, Mr. Shoberg quitclaimed the Shining Mountain Ranch to Savage Fiberglass Pipe, Inc., a Texas corporation.

Savage Fiberglass Pipe, Inc. then sold the property to Uvalde Gin, Inc. who in turn sold the Shining Mountain Ranch to George R. Madden. Both of these transfers were accomplished by warranty deeds. Finally, Mr. Madden conveyed the Ranch to his wife and himself as joint tenants which completes the chain of title.

There is no issue raised in the pleadings that the covenants and servitudes existed prior to the acquisition of title to the Shining Mountain Ranch by Defendant. The Conservancy to Baker Boone Ranch deed, then, is the conveyance that is material to the motions before the court.

## DISCUSSION

For purposes of a motion for judgment on the pleadings,

[T]he allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. Judgment

on the pleadings is proper when the moving party establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.

*Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citation omitted).

In this case, the court must determine whether the Conservancy created enforceable conservation restrictions on the Shining Mountain Ranch in accordance with Montana law. The Conservancy contends that it did create a valid conservation servitude pursuant to § 70–17–102(7), M.C.A., and/or a valid conservation easement pursuant to § 76–6–101 *et seq.*, M.C.A., the Open–Space Land and Voluntary Conservation Easement Act ("Open Space Act").

The preamble to § 70–17–107, M.C.A., concerning the creation of servitudes in gross, states that such interests "may be granted and held." Because the Baker Boone Ranch did not make such a grant to the Conservancy, Plaintiffs contend that the Conservancy granted the servitude to itself, which would be barred by the doctrine of merger under §§ 70–17–105, –111, M.C.A. Under the doctrine of merger, the servitude may not be held by the owner of the servient tenement. § 70–17–105, M.C.A. If it is held by the same person it is extinguished. § 70–17–111, M.C.A. Plaintiffs contend that the Conservancy granted the servitude to itself at the same time it held fee title to the Shining Mountain Ranch and that the servitude was, therefore, extinguished.

▇ In light of this argument, the court must first decide if the language of § 70–17–102, M.C.A., stating that servitudes in gross "may be granted and held" means that the *only* way such servitudes may be created is by express grant. The court concludes that such is not the law in Montana.

In *Lindley v. Maggert*, 198 Mont. 197, 645 P.2d 430 (1982), the Montana Supreme Court enforced a right-of-way easement which was created by deed reservation under § 70–17–102, M.C.A. In enforcing this right-of-way, the Court noted that the "owner of a reserved easement may use it to the full extent of the right retained." *Id.* 645 P.2d at 431. Therefore, according to the holding of *Lindley*, servitudes in gross—which would include conservation servitudes—may be created by reservation under Montana law.

▇ Having determined that conservation servitudes can be created by reservation, the court must next consider the actual language employed by the Conservancy in the deed to determine whether it evidences an intent to effect a reservation of rights. In contending that the language used by Defendant does not reveal such an intent, Plaintiffs emphasize that the Conservancy conveyed the Shining Mountain Ranch "subject to" the covenants and servitudes. Relying on the holding of *Wild River Adventures, Inc. v. Board of Trustees of School Dist. Number 8*, 248 Mont. 397, 812 P.2d 344 (1991), Plaintiffs argue that the words "subject to" normally do not create an easement. *Id.* 812 P.2d at 346.

Though Plaintiffs correctly set out the holding of *Wild River*, the court finds it inapplicable to this case. In *Wild River*, the question was whether the phrase "subject to and together with a 40 foot private road easement" standing alone in a warranty deed was sufficient to reserve a roadway easement to the grantors. The Montana Supreme Court decided that this language was inadequate to create a reserved right. However, the Conservancy is not contending that the use of the phrase "subject to the covenants and servitudes" is the language which creates the reservation of rights in this case. The Conservancy's conveyance of the Shining Mountain Ranch to Baker Boone Ranch included the language "SUBJECT TO the covenants and servitudes more particularly described on Exhibit "A" attached hereto and incorporated expressly herein by reference." The Conservancy contends that terms found within these covenants and servitudes are what create and reserve its conservation rights.

In construing the terms of the incorporated covenants and servitudes, the court recognizes that "[t]he modern conception of conveyancing ... seeks to ascertain the intent of the grantor from a consideration of the entire instrument, without regard to the posi-

tion of the several clauses, . . . ." *Wild River,* 812 P.2d at 346. (quoting *City of Missoula v. Mix,* 123 Mont. 365, 214 P.2d 212, 215 (1950)). Therefore, the location within the instrument of the words of reservation is not a decisive factor.

Included in the covenants and servitudes incorporated into the warranty deed are the following words on page 2:

"The rights retained by the Grantor by these covenants are the following: . . ."

Similarly, on page 7 of the covenants and servitudes, the following language appears:

"[A]fter title to the surface of the land has been conveyed to a third party, then the Grantor shall retain the same rights of enforcement, with the same privileges and discretions."

Plaintiffs argue that the word "retain" should not be held sufficient to reserve the conservation rights asserted because Defendant's initial use of the word "retain" on page 2 of the covenants and servitudes is inconsistent with its use on page 7. Plaintiffs contend that if Defendant used the word "retain" to create and reserve an interest in the property at the time of the conveyance to Baker Boone, the same word would be inappropriate in the context of a subsequent transfer to a third party because the rights, having already been created and reserved, need not be created and reserved again.

The court does not find such strained reasoning persuasive. As the Montana Supreme Court stated in *Wild River,* "[t]he modern trend is to avoid overly technical interpretations of words in favor of ascertaining the actual intent of the parties: . . ." *Wild River,* 812 P.2d at 346. By simply allowing "retain" to mean "reserve" in both instances there is little difficulty in interpretation of intent. The rights were intended to be reserved at the time of the first conveyance to Baker Boone. The use of the word "retain" on page 7 simply evidences the intent that the same rights will be reserved by the Conservancy upon successive transfers to third parties. Therefore, the court finds that the use of the word "retain" in the covenants and servitudes is appropriate and sufficient to clearly evidence the Conservancy's intent to reserve and retain conservation rights in the Shining Mountain Ranch.

■ Even accepting that the use of the word "retain" is sufficient to manifest a reservation of rights, Plaintiffs argue that the use of the phrase "subject to the covenants and servitudes" undermines Defendant's assertion that the reservation was accomplished at the time of the conveyance. Plaintiffs maintain that the "subject to" wording in its normal and ordinary usage must refer to an existing easement which the grantor wishes to exclude from the warranties of title. *Wild River,* at 347. With this line of reasoning, Plaintiffs contend that the covenants and servitudes existed prior to the conveyance to Baker Boone Ranch, and that the doctrine of merger operates to void the conservation servitudes.

This argument fails for reasons already discussed. Montana law recognizes that servitudes in gross may be created by deed reservation. In this case, the Conservancy did not reserve its conservation rights prior to the Baker Boone conveyance but simultaneously with the conveyance. The terms expressing the reservation are found in the covenants and servitudes which were made part of the deed by incorporation. Clearly, if the court is to follow the dictates of the Montana Supreme Court and "ascertain the intent of the grantor from a consideration of the entire instrument," it must conclude that the reservation was made contemporaneously with the passing of title and that title to the conservation rights and the fee estate have never been merged. Therefore, the court finds that the Conservancy holds a valid conservation servitude on the Shining Mountain Ranch which is enforceable against the Maddens.

Having so concluded, the court does not reach the issue of whether the Conservancy reserved a valid conservation easement pursuant to § 76–6–101, M.C.A.

Based on the foregoing analysis,

IT IS HEREBY ORDERED that the Maddens' motion for judgment on the pleadings is DENIED and that The Nature Conservancy's motion for judgment on the pleadings is GRANTED.

IT IS HEREBY ORDERED AND DE-CLARED that The Nature Conservancy's interest in the Shining Mountain Ranch constitutes a valid and enforceable conservation servitude pursuant to § 70–17–102(7), M.C.A.

IT IS FURTHER ORDERED that the parties shall each file status reports by December 18, 1992.

The clerk is directed forthwith to notify counsel of entry of this order.