No. 04-113

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 42

JOHN P. STOKES and SKYLINE BROADCASTERS,

        Plaintiff and Appellant,

    v.

STATE OF MONTANA, acting by and through the
MONTANA DEPARTMENT OF TRANSPORTATION,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                      In and for the County of Flathead, Cause No. DV 2002-712A
                      The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Wade J. Dahood, Knight Dahood Everett & Sievers, Anaconda, Montana

        For Respondent:

                Honorable Mike McGrath, Montana Attorney General, Robert M. Gentry, Special Assistant Attorney General, Timothy M. Reardon, Department of Transportation, Helena, Montana

Submitted on Briefs:  August 11, 2004

Decided:  February 22, 2005

Filed:

_____
                      Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 John Stokes and Skyline Broadcasters (Stokes) appeal the Eleventh Judicial District Court's grant of the State of Montana's Motion to Dismiss under Rule 12(b)(6). We reverse and remand.

**ISSUE**

¶2 Does the District Court have the power and authority to dismiss a case on a Motion to Dismiss when the Complaint as a matter of law pleads a cause of action of inverse condemnation?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3 Stokes filed a Complaint against the State alleging inverse condemnation pertaining to a State public highway expansion project (project) on U.S. Highway 93 near Kalispell, Montana. Stokes maintains that the project will adversely impact property for which he holds a valid easement and on which he has built and operates a radio station. He asserts that the State has not offered to pay for his easement property ownership, and, in fact, has refused to justly compensate him for the taking and interference of his easement property.

¶4 The State moved to dismiss Stokes' Complaint, arguing that previous litigation had established the exact footprint of Stokes' easement for his radio towers, guy wires, and other necessary wires and conduits and that the project would not "overlap or infringe upon [Stokes'] easement." The State argued that for purposes of judicial economy, the District Court should dismiss Stokes' Complaint and require Stokes to pursue his claim in a pending eminent domain action involving the same parcels of land.

¶5 The District Court granted the State's Motion to Dismiss and Stokes filed a timely appeal.

## STANDARD OF REVIEW

¶6 Pursuant to Rule 12(b)(6), M.R.Civ.P., a complaint should be dismissed where the factual allegations fail to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, all well-pleaded allegations of fact are taken as true. The determination that a complaint fails to state a claim upon which relief can be granted is a conclusion of law which this Court reviews for correctness. *Cape v. Crossroads Correctional Center*, 2004 MT 265, ¶ 10, 323 Mont. 140, ¶ 10, 99 P.3d 171, ¶ 10 (internal citations omitted).

## DISCUSSION

¶7 In *Plouffe v. State*, 2003 MT 62, 314 Mont. 413, 66 P.3d 316, we stated that "a motion to dismiss under Rule 12(b)(6), M.R.Civ.P., allows the District Court to only examine whether 'a claim has been adequately stated in the complaint.' Furthermore, the District Court's examination is limited to the content of the complaint." *Plouffe*, ¶ 13 (internal citations omitted).

¶8 We also explained in *Plouffe* that, "[t]he effect of such a motion is admitting to all the well-pleaded allegations in the complaint and it should not be dismissed 'unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts which would entitle him to relief.'" *Plouffe*, ¶ 13 (citations omitted).

¶9 In the case before us, the District Court's Order reflects that the court took into consideration two other cases: 1) an earlier case involving Stokes in which the footprint of his easement purportedly was established; and 2) an eminent domain action filed by the State pertaining to property affected by the project and naming Stokes as a party. The court also relied on diagrams offered by the State in support of its Motion to Dismiss. As indicated above, under Rule 12(b)(6), M.R.Civ.P., the court could rely only upon the contents of Stokes' Complaint to determine whether Stokes' claim was adequate. The Order clearly reflects that the District Court looked outside of Stokes' Complaint in violation of Rule 12(b)(6), M.R.Civ.P.

¶10 Rule 12(b), M.R.Civ.P., provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, *and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.* [Emphasis added].

¶11 Here by referring to matters outside of the Complaint, the District Court effectively transformed the State's Motion to Dismiss into a Motion for Summary Judgment. However, the District Court failed to provide notice to the parties of its intention to do so, and failed to extend to them the opportunity to present additional material. "The purpose of notice is to allow the parties a reasonable opportunity to present all material made pertinent to the motion and avoid surprise." *Plouffe,* ¶ 15 (citation omitted).

4

¶12    We conclude that the District Court erred by failing to comply with Rule 12(b)(6),

M.R.Civ.P.; therefore, it erred when it granted the State's Motion to Dismiss.

## CONCLUSION

¶13    For the foregoing reasons, we reverse the District Court's Order dismissing Stokes'

claim and remand for further proceedings consistent with this Opinion.


/S/ PATRICIA O. COTTER


We Concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE