FILED

March 10 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0440

DA 14-0440

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 76

WALTER & NEREIDA WOODS III,

      Petitioners and Appellants,

  v.

JEFF SHANNON,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 13-1349
Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            Walter Woods III and Nereida Woods, Self-Represented, Shepherd, Montana

      For Appellee:

            Eric Edward Nord, Tanis M. Holm, Crist, Krogh, Butler & Nord, LLC, Billings, Montana

Submitted on Briefs:  February 4, 2015
Decided:  March 10, 2015

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Walter Woods III and Nereida Woods appeal from the order of the Thirteenth Judicial District Court, Yellowstone County, granting Jeff Shannon's motion to dismiss their petition for injunctive relief.  We affirm.

¶2     The issue presented for review is whether the District Court erred when it granted Shannon's motion to dismiss on the grounds that the Woodses had failed to state a claim upon which relief could be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     This case concerns Shannon's use of an easement crossing the northwest corner of the Woodses' property.  The Woodses own Lot 13, Block 7 of Arrow Island Subdivision. Shannon owns Lot 12, which borders Lot 13 to the north.  The Woodses purchased their property in 2007 and claim they were not informed of the existence of an easement.  In May 2013, the Woodses arrived at their home to find an excavator removing vegetation from the northwest corner of their property.  They inquired about the disturbance and were informed by Shannon that he held an easement over the property and intended to construct a driveway.

¶4     The Woodses contacted their title company and were provided with a copy of the warranty deed for their property, which includes the following paragraph:

> An easement in an existing road for ingress and egress to Lot 12 in Block 7 of said Arrow Island Subdivision, Second Filing, 40 feet in width, across the Northwestern Corner of said Lot 13, more particularly described as being located 20 feet to each side of a center line commencing at a point 50 feet east of the north corner of the northwest corner of Lot 13, and thence in a southwesterly direction to a point 70 feet southeast of the southwesterly corner of the northwest corner of the said Lot 13.

2

The easement is approximately 50 feet long and located approximately 70 yards from the Woodses' house. The easement was established in 1978, at which time there was no other access to Lot 12. A road now provides access to Lot 12 from the east, and the Woodses allege Shannon has secured additional access routes to the property through neighboring lands, rendering the easement no longer necessary. The Woodses claim the easement was never in use before 2013.

¶5 On October 31, 2013, the Woodses, acting pro se, filed a petition for injunctive relief. The Woodses claimed the easement was created by necessity, and should be extinguished because it is no longer necessary. They asked the District Court to prevent Shannon from using the easement until such time as their claims could be adjudicated. On December 13, 2013, Shannon filed a motion to dismiss the Woodses' petition for failure to state a claim, pursuant to M. R. Civ. P. 12(b)(6). Shannon claimed the easement was created by an express grant, the terms of which were clear and unambiguous, and the Woodses had failed to set forth facts that would entitle them to relief.

¶6 After additional briefing, a hearing was held on the motion to dismiss on June 3, 2014, and the motion was taken under advisement. On June 16, 2014, the District Court issued an order granting Shannon's motion to dismiss. The District Court found the easement was not established by necessity, as argued by the Woodses, but rather was created by an express grant. The District Court further found the terms of the easement clear and unambiguous, and so declined to consider the Woodses' documentary evidence

3

concerning the intent of the parties at the time the easement was created. The Woodses filed this appeal.

## STANDARD OF REVIEW

¶7    The determination that a pleading fails to state a claim upon which relief can be granted is a conclusion of law, which we review for correctness. *Stokes v. State*, 2005 MT 42, ¶ 6, 326 Mont. 138, 107 P.3d 494 (citing *Cape v. Crossroads Corr. Ctr.*, 2004 MT 265, ¶ 10, 323 Mont. 140, 99 P.3d 171).

## DISCUSSION

¶8    *Whether the District Court erred when it granted Shannon's motion to dismiss on the grounds that the Woodses had failed to state a claim upon which relief could be granted.*

¶9    A motion to dismiss pursuant to M. R. Civ. P. 12(b)(6) requires a district court to determine whether a claim has been adequately stated in the pleadings. *Meagher v. Butte-Silver Bow City-County*, 2007 MT 129, ¶ 15, 337 Mont. 339, 160 P.3d 552. The pleadings should not be dismissed unless it appears certain that the petitioner will be unable to recover under any set of facts which could be proven in support of his or her claim. *Kleinhesselink v. Chevron, U.S.A.*, 277 Mont. 158, 161, 920 P.2d 108, 110 (1996). The pleadings must be construed in the light most favorable to the petitioner, and all allegations of fact contained in the pleadings are taken as true. *Plouffe v. State*, 2003 MT 62, ¶ 8, 314 Mont. 413, 66 P.3d 316.

¶10    An easement is an interest held by one person in lands owned by another, consisting of the right to use the land for a specific purpose. *Blazer v. Wall*, 2008 MT 145, ¶ 24, 343 Mont. 173, 183 P.3d 84. If an easement is created by a written instrument,

4

it is considered an express easement. *Blazer*, ¶ 26. An easement may also be created by operation of law, which is considered an implied easement. *Blazer*, ¶ 26. One type of implied easement is an easement created by necessity. *Albert G. Hoyem Trust v. Galt*, 1998 MT 300, ¶ 18, 292 Mont. 56, 968 P.2d 1135. An easement by necessity is created when an owner of land conveys part of that land to another, leaving one piece of land with no ingress or egress route except through the other. *Hoyem Trust*, ¶ 18.

¶11 The Woodses argue that the easement held by Shannon was created out of necessity, but they also acknowledge that it is in writing. An easement created in writing is by definition express, rather than implied. The easement at issue in this case is therefore an express easement, not an easement implied by necessity. The fact that an express easement was created because one of the parties found it necessary does not transform the legal character of the express grant.

¶12 The extent or scope of an express easement is determined by the terms of the grant. Section 70-17-106, MCA; *Clark v. Pennock*, 2010 MT 192, ¶ 25, 357 Mont. 338, 239 P.3d 922. If the grant is not specific, the court must look beyond the plain language of the grant to consider the situation of the property and the surrounding circumstances, including historical use of the easement. *Clark*, ¶ 25. The scope of an easement that is not specifically defined "'need only be such as is reasonably necessary and convenient for the purpose for which it was created.'" *Clark*, ¶ 25 (quoting *Mason v. Garrison*, 2000 MT 78, ¶ 22, 299 Mont. 142, 998 P.2d 531).

¶13 The warranty deed to the Woodses' property grants "[a]n easement in an existing road for ingress and egress to Lot 12 in Block 7 of said Arrow Island Subdivision," and

particularly describes the location and dimensions of that easement. The Woodses argue that the scope of the easement is not specifically defined because there is no definition of what is included in "ingress and egress." They claim that use for "ingress and egress" is ambiguous because it does not address such issues as whether Shannon's family members may use the easement and what types of vehicles may be driven on the easement. Thus, the Woodses claim the District Court should have looked beyond the terms of the grant and limited the easement to strict necessity.

¶14 Under factual circumstances similar to those presented here, we have previously treated easements granted for the purpose of "ingress and egress" as specific in nature. *Clark*, ¶ 27 (reversing district court determination that easement for ingress and egress was ambiguous, and concluding "that the easement language specifically creates a road easement"); *McCauley v. Thompson-Nistler*, 2000 MT 215, ¶ 49, 301 Mont. 81, 10 P.3d 794 (concluding scope of easement for ingress and egress was to be "determined upon the actual terms of the grant," and could not be limited by district court); *Mason*, ¶ 43 (concluding easement granting access over existing roadways for ingress and egress was "sufficiently specific in nature that the terms of the grant are decisive of the limits of the servitude"); *but see Whary v. Plum Creek Timberlands, L.P.*, 2014 MT 71, ¶¶ 17-18, 374 Mont. 266, 320 P.3d 973 (reversing summary judgment on other grounds and remanding for fact-finding on scope of easement without analysis of whether grant for ingress and egress is specific or general). Because the terms of the grant are specific, the District Court was bound to consider only those terms. *Clark*, ¶ 25 ("If an easement is specific in nature, the breadth and scope of the easement are *strictly determined* by the

6

actual terms of the grant." (emphasis added)).  The District Court correctly declined to consider external evidence such as the historical use of the easement or the understanding of the parties at the time it was created, or to limit the use of the easement based on such evidence.  *McCauley*, ¶¶ 49-50 (where right of ingress and egress was unrestricted by terms of grant, district court erred by limiting scope to "conduct of normal activities conducted with residential living").

¶15    An express easement for the purpose of ingress and egress, with no other restriction, entitles the holder of the easement and his or her "family, tenants, and invitees . . . to use the road 24 hours a day by any form of transportation that does not inflict unreasonable damage or unreasonably interfere with the enjoyment" of the land crossed by the easement, also termed the servient estate.  Restatement (Third) of Prop.: Servitudes § 4.10 illus. 1 (2000).  A private easement, such as this, is not open to use by the general public, but may be used by the easement holder's family members, guests, tenants, employees, and tradesmen or others with whom he or she is transacting business. *City of Missoula v. Mix*, 123 Mont. 365, 373-74, 214 P.2d 212, 216-17 (1950).  Further, the holder of an easement "has not only the right but the duty to keep it in repair," and thus is permitted to perform maintenance, repair, and improvements.  *Guthrie v. Hardy*, 2001 MT 122, ¶ 59, 305 Mont. 367, 28 P.3d 467.  An easement may be extinguished when the holder of the easement uses the easement in a way that overburdens the servient estate or is incompatible with the nature of the easement.  Section 70-17-111(1)(c), MCA; *Steed v. Solso*, 2010 MT 264, ¶ 30, 358 Mont. 356, 246 P.3d 697.

¶16 Shannon's current uses of the easement appear to include maintaining the easement by removing vegetation and driving an ATV on the easement. These uses are within the scope of the grant permitting use of the easement for ingress and egress and are consistent with the nature of the easement. The Woodses' concerns are largely speculative—for example, that Shannon's extended family may hold ATV races along the easement, or that a vehicle crossing the easement may suffer a rollover accident and endanger the Woodses' home some 70 yards away. The Woodses claim that frequent, heavy traffic would cause an increased risk of flooding or erosion, yet there are no allegations that such heavy use has actually occurred. We cannot address at this time whether these hypothetical future circumstances would overburden the Woodses' property. *Lindley v. Maggert*, 198 Mont. 197, 199, 645 P.2d 430, 432 (1982) ("This Court cannot declare that the proposed use will be inconsistent with the reserved easement on the basis of speculation as to possible future uses.").

¶17 On appeal, the Woodses also argue the easement has been abandoned. This argument was only briefly mentioned in the District Court, and the Woodses base their claim of abandonment on the fact that the easement was never used because Shannon's property could be accessed by other routes. Mere nonuse does not demonstrate abandonment of an express easement. *Pearson v. Virginia City Ranches Assn.*, 2000 MT 12, ¶ 47, 298 Mont. 52, 993 P.2d 688 (quoting *Halverson v. Turner*, 268 Mont. 168, 175, 885 P.2d 1285, 1290 (1994)). The holder of an easement "'is not required to make use of the easement as a condition to retaining his interest in the easement.'" *Pearson*, ¶ 47

(quoting *Halverson*, 268 Mont. at 175, 885 P.2d at 1290). The Woodses allege no other facts that would establish abandonment.

## CONCLUSION

¶18 The easement is an express grant, which specifically permits Shannon to cross the designated portion of the Woodses' land in order to gain ingress and egress to his neighboring lot. The Woodses have failed to allege any facts which would establish either that their property has been overburdened by Shannon's use of the easement, or that the easement has been abandoned. Even construing the pleadings in the light most favorable to the Woodses, their allegations are speculative at best. The District Court did not err when it determined that the Woodses had failed to present a claim entitling them to relief, and accordingly dismissed their petition pursuant to M. R. Civ. P. 12(b)(6).

¶19 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT