# IN THE SUPREME COURT OF THE STATE OF NEVADA

PAUL F. SHOEN; AND RUTH
ROBERTSON, INDIVIDUALLY,
Appellants,
vs.
MADDI'S FRESIAN RANCH, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; MADDI'S RANCH, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; RUTH L. PAGE; AND
GREGORY V. WALSH,
Respondents.

No. 72093



FILED

MAY 2 1 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
    DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court judgment in a real property action. Ninth Judicial District Court, Douglas County; David R. Gamble, Judge.

Respondents Maddi's Fresian Ranch, LLC, Maddi's Ranch, LLC, Ruth L. Page, and Gregory V. Walsh (collectively MFR) own several parcels of land on which they live and operate a horse breeding business. The property is benefitted by two 50-foot wide roadway easements that traverse neighboring land owned by appellants Paul F. Shoen and Ruth Robertson. Against the wishes of Shoen and Robertson, MFR allows its neighbors, the Benzes, to walk their dogs on the roadway easements through Shoen's and Robertson's property. According to Shoen and Robertson, who are seeking to prevent the Benzes from accessing the easements, the Benzes do not always clean up after their dogs. Although

18-19198

the district court's judgment resolved many issues involving use of the roadway easements, including speed and amount of traffic, roadway obstruction, and the permissibility of signs, the sole issue Shoen and Robertson challenge on appeal is whether the district court erroneously found that MFR, as the dominant estate owner, may allow third parties, such as the Benzes, to use the roadway easements for dog walking.[1]

"A district court's determinations of fact will not be set aside unless they are clearly erroneous. If the district court's findings are supported by substantial evidence, they will be upheld. Questions of law are reviewed de novo." *S.O.C., Inc. v. Mirage Casino-Hotel*, 117 Nev. 403, 407, 23 P.3d 243, 246 (2001) (footnotes omitted). The roadway easements that are the subject of the dispute in this matter allow for "[a] non-exclusive right-of-way for ingress and egress over and across that certain 50 foot wide private easement . . . ." Relevant to the issue before us, the district court concluded that

> [b]ased on the broad description of the roadway easements as being ". . . for ingress and egress over and across. . . ," [MFR] has the right to grant access over and across both of the roadway easements for

---

[1]Shoen and Robertson also appeal the district court's order denying their motion to alter or amend the judgment. The standard is high for a district court to grant a Rule 59(e) motion to alter or amend a judgment. *See AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 582, 245 P.3d 1190, 1193 (2010) ("Among the basic grounds for a Rule 59(e) motion are correcting manifest errors of law or fact, newly discovered or previously unavailable evidence, the need to prevent manifest injustice, or a change in controlling law." (internal quotation marks omitted)). Shoen and Robertson do not challenge the district court's determination they failed to "present substantially new or different information that was not available" during trial. Having concluded in this order that the district court's judgment was not in error, we affirm the district court's order denying Shoen's and Robertson's motion to alter or amend the judgment.

use as a roadway and for pedestrian traffic, which is a common use for a roadway.

Shoen and Robertson argue that the language of the roadway easements do not allow for recreational activities such as dog walking, nor allow MFR to grant third parties license to use the easements in such a way. Shoen and Robertson further argue that based on *S.O.C.*, the roadway easements must be strictly construed in their favor as owners of the property and, thus, the district court's ruling was in error as it is contrary to *S.O.C.* We disagree.

In *S.O.C.*, the Mirage Casino conveyed a "perpetual pedestrian easement" to the county for public use of its private sidewalk. *Id.* at 406, 23 P.3d 245 (internal quotation marks omitted). A company that provides erotic entertainment had employees distribute advertisements and solicit business on the easement, and the Mirage sued the company for trespass and sought a preliminary injunction. *Id.* at 407, 23 P.3d at 245-46. The company defended itself on First Amendment grounds, but the district court ruled in favor of the Mirage. *Id.* at 407, 23 P.3d at 246. This court explained that

> an easement must be construed strictly in accordance with its terms in an effort to give effect to the intentions of the parties. Generally, easements are construed strictly in favor of the owner of the property. A party is privileged to use another's land only to the extent expressly allowed by the easement.

*Id.* at 408, 23 P.3d at 246-47 (footnotes omitted). This court concluded that "the mere existence of the easement does not implicate the protections of the First Amendment," and that "the sidewalks in question are private property and therefore not subject to the reach of the First Amendment." *Id.* at 408, 414, 23 P.3d at 246, 250. Despite Shoen's and Robertson's

Supreme Court
OF
Nevada

(O) 1947A

contention that *S.O.C.* mandates a ruling in their favor, our holding was based primarily on federal and state constitutional grounds and not solely on easement law. Moreover, the easement in *S.O.C.* was an easement in gross since it was granted to the county for the public's benefit, *see id.* at 406-07, 23 P.3d at 245, as opposed to the roadway easements here that are appurtenant to MFR's dominant estate. *S.O.C.* also dealt with commercial activity upon a pedestrian easement, *id.* at 407, 23 P.3d at 245-46, whereas here the conduct at issue is non-commercial dog walking on the roadway easements.

Shoen and Robertson further argue that the district court's judgment is contrary to holdings from other jurisdictions as courts throughout the nation have held that the owner of an easement for ingress and egress may not grant third parties license to use the easement. MFR argues that Shoen and Robertson are improperly couching the issue in terms of permitting third parties or strangers to use the easements for recreational purposes when, in fact, MFR has only granted access for recreational purposes to the Benzes so that they can walk their dogs.

When looking at "[t]he scope of easements for a right-of-way granted in general terms[,] . . . [c]ourts have usually interpreted these conveyances as creating a broad right to use the easement for all reasonable purposes." Jon W. Bruce and James W. Ely, Jr., The Law of Easements & Licenses in Land § 8:4 Utilization—Express easements—General right-of-way (2018). "Reasonable purposes . . . include use by tenants, guests, and invitees of the dominant estate owner." *Id.; see also Fruth Farms, Ltd., v. Village of Holgate*, 442 F. Supp. 2d 470, 477 (N.D. Ohio 2006) (stating that "[t]he owner of the dominant tenement is not the only person who can use an access easement to his or her property" and that "others may use the

easement . . . but their use of the easement must be reasonable . . ."); *Weeks v. Wolf Creek Indus., Inc.*, 941 So. 2d 263, 272 (Ala. 2006) (holding that there is "no basis for an order limiting the use of [the easement] strictly to the owners of the property . . . [, t]he use *must also extend* to their employees and agents, as well as social guests . . ."); *Woods v. Shannon*, 344 P.3d 413, 417 (Mont. 2015) ("An express easement for the purpose of ingress and egress, with no other restriction, entitles the holder of the easement and his or her family, tenants, and invitees . . . to use the road 24 hours a day by any form of transportation that does not inflict unreasonable damage . . . ." (internal quotation marks omitted)); *Arcidi v. Town of Rye*, 846 A.2d 535, 541 (N.H. 2004) ("[T]he dominant estate holder may license or authorize third persons to use its right of way so long as the use is reasonable." (internal quotation marks omitted)).

This court has similarly recognized a reasonable right of access where an easement is granted for purposes of ingress and egress.

> The most important right of the abutter incident to his ownership of property abutting on a street or alley is his right of access, i.e., his right of ingress and egress. The easement (as it is usually called) of access is not the mere right of going out from one's home or place of business upon the street and returning therefrom to his own land, but includes a certain convenience in the use of his property with respect to the rest of the world, such as the opportunity for a man's family or guests to come to his place of business without unreasonable hindrance or interruption. It includes not merely the right of the abutting owner to go into and come out of his premises but also the right to have the premises accessible to patrons, clients, and customers.

*City of Reno v. Matley*, 79 Nev. 49, 63, 378 P.2d 256, 263 (1963) (quoting 10 McQuillin, Municipal Corporations § 30.63 (830.62) (3d ed. 1950)).

SUPREME COURT
OF
NEVADA

(O) 1947A

We conclude that the district court's finding that, "[b]ased on the broad description of the roadway easements . . . , [MFR] has the right to grant access over and across both of the roadway easements for use as a roadway and for pedestrian traffic" was not in error as it is supported by substantial evidence. *See S.O.C.*, 117 Nev. at 407, 23 P.3d at 246. During the bench trial, both parties acknowledged that pedestrians regularly accessed the roadway easements, but Shoen and Robertson appeared to take particular umbrage with the Benzes' use of the easements for walking their dogs, seemingly because they neglected to clean up after their dogs. Pedestrian use, such as walking a dog across the roadway easements, is reasonable and does not exceed the extent of use expressly allowed by the easements. *Id.* at 408, 23 P.3d at 247; *see also Arcidi*, 846 A.2d at 541 ("[T]he dominant estate holder may license or authorize third persons to use its right of way so long as the use is reasonable." (internal quotation marks omitted)).[2] Accordingly, we

---

[2]Much of the underlying conflict in this matter stems from the fact that the Benzes allegedly do not clean up after their dogs when accessing the roadway easements. The district court attempted to resolve the issue in its judgment by stating that "[t]he parties are strongly encouraged to request of those to whom they grant permission to walk their dogs on the roadway easements to clean up after their dogs." In furtherance of the district court's strong admonishment, we note that we have previously recognized that, "he who uses the easement must keep it in proper condition," in a declaratory judgment action adjudicating a party's legal duty to maintain a pipeline. *Sinkey v. Bd. of Cty. Comm'rs of Cty. of Mineral*, 80 Nev. 526, 529, 396 P.2d 737, 738 (1964) (internal quotation marks omitted).

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty


cc:    Chief Judge, The Ninth Judicial District Court
Hon. David R. Gamble, Senior Judge
J. Douglas Clark, Settlement Judge
Hammond & Tobler, P.C.
Woodburn & Wedge
Richard L. Elmore, Chtd.
Douglas County Clerk