Justice Laurie McKinnon delivered the Opinion of the Court.
***394 ¶ 1 Steve Darty, successor trustee of the Michael R. Grauman Living Trust, and Marcus Grauman, Michael Grauman's brother, (together Darty) appeal from an order of the Fourth Judicial District Court, Missoula County, denying Darty's motion to enjoin transfer on death beneficiaries, Colleen Cornish, Gary Stoddard, Whitehall School System, and Whitehall Food Bank, et al., (together TOD Beneficiaries), from dissipating account funds and granting the TOD Beneficiaries' motion to dismiss Darty's complaint for failing to state a claim upon which relief could be granted. We affirm.
¶ 2 Restated, Darty presents the following issue for review:
Whether the District Court correctly dismissed Darty's complaint for failing to state a claim upon which relief could be granted.
*118 FACTUAL AND PROCEDURAL BACKGROUND
¶ 3 Michael Grauman (Decedent) executed transfer on death (TOD) beneficiary designations for three Ameriprise Financial accounts. In the TOD designations, Decedent assigned 75% of the funds to Cornish, 5% to Stoddard, 10% to Whitehall School System, and 10% to ***395 Whitehall Food Bank.
¶ 4 In August 2016, Decedent executed estate-planning documents including a will and trust, the Michael R. Grauman Living Trust (Trust). Decedent selected Darty, his attorney, to be his successor trustee. Darty maintains that Decedent intended for all of the assets in his estate to be transferred to the Trust and, upon his death, for the trustee to distribute the corpus of the Trust in accordance with its terms. In the Trust, Decedent named beneficiaries including Cornish, Stoddard, Whitehall School System, Whitehall Food Bank, and seven other parties. Decedent designated assets and/or cash values for each party. Specifically, the Trust provided that Cornish, Decedent's long-time girlfriend, was to receive a vehicle, a life estate in real property he owned in Missoula, and $350,000 distributed monthly over twenty years; Stoddard was to receive a vehicle and $15,000; and Whitehall School System and Whitehall Food Bank were to each receive $25,000. The Trust also provided that Marcus Grauman was to receive Decedent's residuary estate. Darty maintains that Decedent intended to fund the Trust with the Missoula property and the proceeds from the three Ameriprise accounts. Decedent executed a deed and asked Darty to transfer the Missoula property into the Trust. Decedent notified Darty that he planned to transfer the Ameriprise accounts himself.
¶ 5 Decedent died in November 2016. Prior to his death, Darty transferred the Missoula property into the Trust; however, Decedent failed to transfer the Ameriprise accounts into the Trust. It is unknown why Decedent did not transfer the accounts. As a result, Ameriprise distributed the balance of Decedent's accounts that had a total approximate value of $660,000 in accordance with the TOD beneficiary designations. Thus, Cornish received approximately $495,000; Stoddard received approximately $33,000; and Whitehall School System and Whitehall Food Bank each received approximately $66,000.
¶ 6 Under the terms of the Trust, however, the TOD Beneficiaries would have received approximately $415,000. The distribution of funds pursuant to the TOD designations therefore resulted in a Trust shortfall of approximately $245,000 and Darty, acting as successor trustee, was unable to distribute the remaining gifts as Decedent specified in the Trust. Darty filed a complaint challenging the validity of the TOD designations, claiming the transfers unjustly enriched the TOD Beneficiaries because Decedent intended to transfer the Ameriprise accounts into the Trust. Darty argued equity required the District Court to transfer the proceeds from the Ameriprise accounts ***396 into a constructive trust to be distributed pursuant to the Trust's terms. Darty requested an injunction "enjoining [the TOD Beneficiaries] from disposing of or otherwise dissipating the corpus of the constructive trust." Marcus Grauman intervened, joining Darty's arguments. Cornish, joined by Stoddard and Whitehall School System, moved to dismiss Darty's complaint for failing to state a claim upon which relief could be granted, arguing Decedent's actions, not transferring the Ameriprise accounts into the Trust prior to his death, were dispositive.
¶ 7 The District Court held that Decedent's TOD designations superseded the contrary provisions in the Trust because the Ameriprise accounts were nonprobate assets.
Accordingly, that the beneficiary designations in the Ameriprise account, not any contrary provisions in a trust, control the distribution of the funds at issue. [Decedent] had every opportunity during the three months between the time he established a trust and his death to change the beneficiaries of his Ameriprise account, but he did not do so.
The District Court denied Darty's motion for a preliminary injunction and granted Cornish's motion, dismissing Darty's complaint with prejudice. Darty appeals.
*119 STANDARD OF REVIEW
¶ 8 A complaint should be dismissed if the well-pleaded factual allegations, taken as true, fail to state a claim upon which relief can be granted. M. R. Civ. P. 12(b)(6) ; Stokes v. State , 2005 MT 42, ¶ 6, 326 Mont. 138, 107 P.3d 494. A district court's determination that a complaint fails to state a claim upon which relief can be granted is a conclusion of law that this Court reviews for correctness. Stokes , ¶ 6.
DISCUSSION
¶ 9 "A transfer on death, resulting from a registration in beneficiary form, is effective by reason of the contract regarding the registration between the owner and the registering entity and this part and is not testamentary." Section 72-6-309(1), MCA ; see also § 72-6-111(1), MCA ("A provision for a nonprobate transfer on death in an ... account agreement ... is nontestamentary."). Considering § 72-6-111(1), MCA, we stated, "The sole purpose of this section is to prevent the transfers authorized here from being treated as testamentary." In re Estate of Lahren , 268 Mont. 284, 290, 886 P.2d 412, 416 (1994). Nontestamentary transfers do not have to be executed in compliance ***397 with the formalities for wills and are not subject to probate. Lahren , 268 Mont. at 290, 886 P.2d at 416. Valid nontestamentary transfers are unaffected by testamentary documents and effectuate transfers of items outside the probate estate. See Lahren , 268 Mont. at 291, 886 P.2d at 416. To stop or vary payment under an account's terms, a party must provide the financial institution signed, written notice during his or her lifetime. Section 72-6-213(2), MCA. On the death of the sole owner, ownership of securities registered in beneficiary form pass to the beneficiaries. Section 72-6-307, MCA.
¶ 10 Here, the TOD designations in Decedent's Ameriprise accounts were terms of a nontestamentary contract. Decedent failed to vary the terms of the Ameriprise accounts as set forth in § 72-6-213(2), MCA, because he did not provide Ameriprise signed, written notice during his lifetime. Pursuant to § 72-6-307, MCA, upon Decedent's death, Ameriprise appropriately transferred the proceeds in the accounts to Decedent's selected beneficiaries.
¶ 11 Darty nonetheless claims that the TOD Beneficiaries were unjustly enriched and that equity requires the proceeds from the Ameriprise accounts be placed in a constructive trust. "[T]he imposition of a constructive trust serves as a possible remedy to rectify the unjust enrichment of a party." N. Cheyenne Tribe v. Roman Catholic Church , 2013 MT 24, ¶ 39, 368 Mont. 330, 296 P.3d 450. The plaintiff must first establish a claim of unjust enrichment. N. Cheyenne Tribe , ¶ 39. To prove unjust enrichment, the plaintiff must establish: (1) defendant received a benefit; (2) defendant knew about or appreciated the benefit; and (3) defendant accepted or retained the benefit under circumstances where it was inequitable for defendant to do so. Volk v. Goeser , 2016 MT 61, ¶ 45, 382 Mont. 382, 367 P.3d 378 (citing N. Cheyenne Tribe , ¶ 39 ). Here, the TOD Beneficiaries acknowledge they received benefits, the proceeds from Decedent's Ameriprise accounts, and knew about or appreciated those benefits. Therefore, Darty established the first two elements of unjust enrichment.
¶ 12 The third element of unjust enrichment requires a court to recognize an inequitable result. Darty relies on Volk to argue the TOD Beneficiaries were unjustly enriched because Decedent did not intend the Ameriprise accounts to be distributed as specified in the TOD designations; therefore, Darty argues a constructive trust should be imposed over the proceeds from the Ameriprise accounts. In Volk , during the pendency of a divorce proceeding, Volk violated an economic restraining order and changed life insurance beneficiary designations ***398 from his wife to his sister. Volk , ¶ 6. Volk died four months after the district court dissolved his marriage and the life insurance company paid Volk's sister the policies' proceeds. Volk , ¶ 8. We analyzed the third unjust enrichment element and held that it was inequitable for Volk's sister to retain the life insurance proceeds because Volk violated an economic restraining order when he changed the beneficiary designations. Volk , ¶ 47. After finding that Volk's violation of a court order produced *120 an inequitable result by paying Volk's sister the policies' proceeds, we considered whether establishing a constructive trust was an appropriate remedy. Volk , ¶ 49. Here, in contrast to Volk , Decedent was free to change his mind and, for any reason at all, decide not to transfer the Ameriprise accounts. Therefore, based on the facts alleged in the complaint, Darty cannot establish the third unjust enrichment element because the TOD Beneficiaries did not accept or retain the proceeds from the Ameriprise accounts under inequitable circumstances.
¶ 13 Significantly, we addressed and rejected a similar argument in Eschler v. Eschler , 257 Mont. 360, 367, 849 P.2d 196, 201 (1993), that the decedent's intention was for proceeds from a life insurance policy to go to someone other than the person listed as a beneficiary on the policy. In that case, we restated a "cogent statement of the policy reasons" for rejecting such an argument:
The plaintiff is in this case arguing that in effect the person entitled to the proceeds of the policy is whoever the decedent intended it to be , even if not the named beneficiary. It requires little imagination to envision the mischief that would be caused by the adoption of such a rule. Disputes among friends, relatives, and heirs of the decedent would be a regular occurrence. Insurance companies presumably [would] invariably deposit the proceeds in court because they could not rely on their records. The adoption of such a rule, in the long run, would be detrimental to the administration of justice, just as it would be if permitted in the case of wills or land transfers.
It should also be observed that we are not dealing here with a situation in which the decedent did anything within his power to effectuate his intention. The problem was caused by the decedent's own carelessness. It would have been a simple matter for him to determine who was, in fact, the beneficiary of the policy. The result may be unfortunate, but that condition alone no more furnishes justification for the Court to intervene than it would in the case of errors of judgment or frustrated expectations in the case of contracts generally.
***399 Eschler , 257 Mont. at 367-68, 849 P.2d at 201-02 (quoting Nunn v. Equitable Life Assurance Soc'y , 272 N.W.2d 780, 781-82 (N.D. 1978) ). Here, the same considerations apply. Although Decedent may have intended to transfer the proceeds from the Ameriprise accounts into the Trust, he did not. Decedent notified Darty he would make the transfers himself and it is unknown why he did not make them. The aforementioned statutory provisions, which specifically allow for contracts between the owner of an account and the registering entity, support our conclusion that the TOD Beneficiaries were not unjustly enriched. Our jurisprudence and statutes provide that the Ameriprise accounts were nonprobate transfers to the designated beneficiaries to be made upon Decedent's death. Darty is not entitled to an equitable remedy.
CONCLUSION
¶ 14 The District Court correctly concluded that Decedent's TOD designations controlled the distribution of the proceeds from the Ameriprise accounts on Decedent's death. The allegations in Darty's complaint failed to state a claim of unjust enrichment upon which relief could be granted and the District Court correctly dismissed it under M. R. Civ. P. 12(b)(6).
¶ 15 Affirmed.
We concur:
JAMES JEREMIAH SHEA, J.
DIRK M. SANDEFUR, J.
BETH BAKER, J.
JIM RICE, J.